IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| XIA ZHANG,<br><br>                        Plaintiff,<br><br>v.<br><br>JOHN DOE, 0927.COM, 0942.COM, 7886.COM AND 8831.COM,<br><br>                        Defendants. | Case No. _____<br><br>**ORIGINAL COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

This *in rem* action is made pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), in which Plaintiff Xia Zhang ("Plaintiff") makes the following allegations against Defendant John Doe ("Defendant JD") and the subject domain names 0927.com, 0942.com, 7886.com, and 8831.com (the "Domain Names").

## PARTIES

1. Plaintiff Xia Zhang is a citizen of the People's Republic of China and resides at Wang Chiu Road, Kowloon Bay, Kowloon, Hong Kong, China.

2. The subject Domain Names—*i.e.*, the *res* of this *in rem* action—are internet domain names rightfully owned by Plaintiff. The Domain Names and their registry, Verisign, Inc., are all located within this judicial district. Verisign, Inc.'s primary place of business is 12061 Bluemont Way, Reston, VA 20190.

3. Defendant JD is a person of unknown identity who gained unauthorized access to Plaintiff's password protected domain name registrant account and, without consent or authority, transferred control of the Domain Names away from Plaintiff.

## JURISDICTION AND VENUE

4. This Court has *in rem* jurisdiction over the Domain Names pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), insofar as the registry for the Domain Names, VeriSign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6. Venue is proper in this judicial district pursuant to 15 U.S.C § 1125(d)(2)(C) as the domain name registry, Verisign, Inc., is located within this judicial district. Therefore, the Domain Names have their situs in this judicial district. Likewise, venue is further proper pursuant to 28 U.S.C. § 1391(b)(2), as the property that is the subject of this action, the subject Domain Names, is therefore situated in this judicial district.

7. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of Plaintiff in this matter.

## NOTICE

8. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief will be sent to Defendant JD as the registrant of the Domain Names at the postal and e-mail addresses provided by the registrant to the registrar: 0927.com@domainsbyproxy.com, DomainsByProxy.com, 2155 E Warner Rd, Tempe, Arizona

85284.[1] Notice will also be sent to the respective registrar e-mail addresses: abuse@godaddy.com for 0942.com and 7886.com; and DomainAbuse@service.aliyun.com for 8831.com.

9. Plaintiff is providing notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action, as the Court may direct after filing of this Complaint.

10. Pursuant to 15 U.S.C. § 1125(d)(2)(B), the sending and publishing of a notice of the violation and of the action shall constitute service of process. Furthermore, a request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

## FACTUAL BACKGROUND

11. Plaintiff Xia Zhang is the rightful owner of the subject Domain Names.

12. Plaintiff is the registrant of the Domain Names at GoDaddy Operating Company, LLC ("GoDaddy"), a popular domain name registrar that owns and operates GoDaddy.com. Plaintiff's GoDaddy registrant account is associated with the e-mail address 993675555@qq.com and Customer No. 282920524. Declaration of Xia Zhang at ¶ 4, attached hereto as Exhibit A.

13. The Domain Names were used in commerce in conjunction with online services by Plaintiff as early as July 2020. Ex. A at ¶ 5. The Domain Names have generated $10,000 in revenue and 2000 unique visits on average each day since its first operation. *Id*. at ¶ 6.

14. Plaintiff owned and used the Domain Names in commerce until the Domain Names were unlawfully transferred without consent out of Plaintiff's GoDaddy registrant account by Defendant JD, into another registrant account with GoDaddy.com and/or Alibaba Cloud

---

[1] ICANN LOOKUP reveals no postal nor e-mail addresses provided by the registrant to the registrar for 0942.com, 7886.com, & 8831.com. For example, the mailing address for 0942.com & 7886.com is simply listed as Fujian, China, while 8831.com provided no such registrar information. Defendant JD is using privacy protection to hide his personal information and conceal the registrant information.

ORIGINAL COMPLAINT, CASE NO. _____ - PAGE 3

Computing (Beijing) Co., Ltd. This illegal transfer occurred sometime between August and December of 2020.  Ex. A at ¶ 7.

15.     I did not learn of the hacking until December 2020, and shortly thereafter reported it to GoDaddy.  Ex. A at ¶ 8. However, I could not regain control of my GoDaddy account and learned of the illegal transfer of these four domains until the end of August 2021. *Id*. At this time, the issue remains unresolved. *Id*.

16.     Upon information and belief, Defendant JD hacked into Plaintiff's GoDaddy.com registrant account and illegally transferred the Domain Names to Defendant JD's GoDaddy registrant account and/or Alibaba registrant account.  Plaintiff did not consent to or authorize these transfers.

17.     Currently, the Domain Names are still under the unauthorized control of Defendant JD and are being maintained at GoDaddy and/or Alibaba.  However, Defendant JD is now using privacy protection to hide his personal information and conceal the registrant account information at GoDaddy and/or Alibaba for the Domain Names.

18.     Plaintiff has retained this law firm to retrieve the Domain Names and take legal action against those responsible for the illegal transfer.

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT

19.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

20.     An actual and justiciable controversy exists between Plaintiff and Defendant JD as to whether Plaintiff is the rightful owner of the Domain Names.

21.     Plaintiff had a contract with GoDaddy for control over the Domain Names.

22.     Defendant JD's express actions to wrongfully hack into Plaintiff's GoDaddy account and illegally transfer the Domain Names to another GoDaddy and/or Alibaba registrant account, without the authorization of Plaintiff, places the Domain Names solely under Defendant JD's dominion and control to the exclusion of Plaintiff.

23.     The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, provides for the declaration of the rights of the Plaintiff in this matter.

## COUNT II
## ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

24.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

25.     Plaintiff is the common law owner of the marks 0927.com, 0942.com, 7886.com, and 8831.com (the "Marks"), which is protected under 15 U.S.C. § 1125(a) and (d).

26.     Plaintiff owned and used the Marks and Domain Names in commerce since their registrations, until the Domain Names were unlawfully transferred to Defendant JD's control without Plaintiff's consent.

27.     The Domain Names are identical to and/or confusingly similar to the Marks owned by Plaintiff.

28.     Defendant JD has transferred the Domain Names to another GoDaddy and/or Alibaba registrant account with bad faith intent to profit from the Domain Names and Marks.

29.     Defendant JD is using one or more of the transferred Domain Names with the intent to profit off the marks by posting links for the purpose of redirecting traffic to multiple website auction sites.

30.     Defendant JD acted in bad faith by intending to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill

represented by the mark, creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

31.     As a direct result of Defendant JD's actions, Plaintiff is being prevented from using and exercising control over the Domain Names and Marks.

32.     Furthermore, Plaintiff is being harmed by not having access to her Domain Names or Marks.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants, as follows:

A.     Declaring that Plaintiff is the only entity with any rights to the contract controlling the subject Domain Names;

B.     Declaring that Defendant JD does not have any rights to the subject Domain Names;

C.     ORDERING Verisign, GoDaddy, and/or Alibaba to transfer the Domain Names to Plaintiff's registrant account as instructed by Plaintiff's counsel; and

D.     Granting such other and further relief to Plaintiff as this Court deems just and proper in accordance with 15 U.S.C. § 1125(d)(2)(D).

DATED November 12, 2021.                Respectfully submitted,

By: */s/ Steven War*
Steven War (VSB # 45048)
**War IP Law PLLC**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015

Tel: (202) 800-3751
Fax: (202) 318-1490
steve@wariplaw.com

By: /s/ *Timothy T. Wang*
Timothy T. Wang (*pro hac vice to be filed*)
Texas Bar No. 24067927
twang@nilawfirm.com
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*ATTORNEYS FOR PLAINTIFF*
*XIA ZHANG*