IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| XIA ZHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21cv1247 (MSN/JFA) |
| | ) | |
| JOHN DOE, | ) | |
| 0927.COM, | ) | |
| 0942.COM, | ) | |
| 7886.COM, | ) | |
| 8831.COM, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 9). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On November 12, 2021, plaintiff filed a two-count verified complaint against four domain names, 0927.COM, 0942.COM, 7886.COM, 8831.COM ("Defendant Domain Names"), and an individual, John Doe. (Docket no. 1). The complaint seeks a declaratory judgment and asserts *in rem* claims under the Anti-Cybersquatting Consumer Protection Act ("ACPA"). (Docket no. 1). On December 15, 2021, plaintiff moved for service by publication. (Docket no. 2). The court granted the motion on December 16, 2021 and entered an order requiring plaintiff to publish notice of this action. (Docket no. 4). Plaintiff arranged for publication of notice of the action in *The Washington Post* on December 23, 2021. (Docket no. 5).

1

On January 21, 2022, plaintiff requested an entry of default against the defendants, which the Clerk of the Court entered. (Docket nos. 7, 8). On January 26, 2022, plaintiff filed this motion for default judgment, a memorandum in support, and a notice of hearing for Friday, February 25, 2022 at 10:00 a.m. (Docket nos. 9–11). As set forth in the motion for default judgment, plaintiff seeks a default judgment against defendants under the *in rem* provisions of the ACPA and an order changing the registrar of record for the Defendant Domain Names to plaintiff's registrar of choice, GoDaddy.com LLC, and for plaintiff to be listed as the registrant for the domain names. (Docket no. 9). Plaintiff requests that the remaining claims be dismissed without prejudice. (Docket no. 9). At the hearing on February 25, 2022, counsel for plaintiff appeared, but no one appeared on behalf of any of the defendants.

**Factual Background**

The following facts are established by the complaint. (Docket no. 1) ("Compl."). Plaintiff registered the Defendant Domain Names through an account with GoDaddy Operating Company, LLC ("GoDaddy"), a domain name registrar. (Compl. ¶ 12). Plaintiff used the Defendant Domain Names in commerce in conjunction with online services as early as July 2020. (Compl. ¶ 13). The Domain Names have generated $10,000 in revenue and 2,000 unique daily visits on average since their first operation. (Compl. ¶ 13). At some point between August and December 2020, defendant Doe gained unauthorized access to plaintiff's password protected GoDaddy account and transferred the Defendant Domain Names into another registrant account with GoDaddy and/or Alibaba Cloud Computing (Beijing) Co., Ltd. (Compl. ¶¶ 3, 14, 16). The Defendant Domain Names were transferred into defendant Doe's registrant account without plaintiff's consent or authorization. (Compl. ¶¶ 14, 16). Plaintiff discovered the hacking in December 2020 and filed a report with GoDaddy but was unable to regain access to his registrant

2

account until August 2021. (Compl. ¶ 15). Upon accessing his registrant account, plaintiff discovered that the Defendant Domain Names had been transferred to defendant Doe's accounts, and they remain under defendant Doe's control. (Compl. ¶¶ 15–17). Defendant Doe uses privacy protection to hide his personal information and conceal his registrant account information for the Defendant Domain Names. (Compl. ¶¶ 8 n.1, 17).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to the Defendant Domain Names. (Docket no. 8).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted a claim pursuant to the ACPA (15 U.S.C. § 1125(d)) and alleges that this court has jurisdiction pursuant to 28

U.S.C. § 1331 (federal question). (Compl. ¶ 5). Plaintiff alleges that this court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d) because the registry for the Defendant Domain Names, VeriSign, is located in this district. (Compl. ¶ 4). Plaintiff also alleges that venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) because VeriSign is located in this district, and the Defendant Domain Names therefore have their situs in this district. (Compl. ¶ 6); *see also* 28 U.S.C. § 1391(b)(2).

Given the uncontested allegations that the Defendant Domain Names are located in this district, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Names, and that venue is proper in this court.

### Service

Rule 4(n)(1) of the Federal Rules of Civil Procedure provides that the court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under the rule. Fed. R. Civ. P 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On December 15, 2021, plaintiff moved for notice by publication. (Docket no. 2). On December 16, 2021, this court granted plaintiff's motion for publication and directed him to publish a notice in either *The Washington Post* or *The Washington Times* once within fourteen (14) days after the entry of the order. (Docket no. 4). Plaintiff published a notice in *The Washington Post* on December 23, 2021. (Docket no. 5). Based on the foregoing, the

undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Post*, anyone making a claim to the Defendant Domain Names was required to file a responsive pleading by January 13, 2022, twenty-one (21) days after notice of the action was published. No responsive pleading has been filed, no other claims were filed, and the time for doing so has since expired. On January 21, 2022, plaintiff requested an entry of default, and the Clerk of Court entered a default against the Defendant Domain Names. (Docket nos. 7, 8).

For the reasons stated above, the undersigned magistrate judge recommends a finding that service of this *in rem* action was proper and that no one has made a timely claim to the Defendant Domain Names, and that the Clerk of Court properly entered a default as to the Defendant Domain Names.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). While the complaint alleges two claims against the defendants, plaintiff's motion for default judgment only seeks an order granting default judgment as to plaintiff's *in rem* claims. Accordingly, this report and recommendation focuses only on the ACPA claims contained in Count II of the complaint.

Plaintiff has established a violation of the ACPA. As an initial matter, plaintiff contends that he is entitled to common law trademark protection for his use of the Defendant Domain

Names because he used the domain names in commerce following their registration. (Compl. ¶¶ 25, 26). Common law trademark ownership rights are established by "actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). Plaintiff's complaint establishes that he registered the Defendant Domain Names and that he used them in commerce in conjunction with online serves as early as July 2020 and until they were transferred out of his registrant account without his consent. (Compl. ¶¶ 12–14). Plaintiff alleges that the Defendant Domain Names generated $10,000 in revenue and 2,000 unique visits on average each day while they were under his control. (Compl. ¶ 13). Because plaintiff used the Defendant Domain Names in commercial markets, he is entitled to common law trademark protections. *See Emergency One, Inc.*, 332 F.3d at 267.

To establish an ACPA violation, plaintiff is required to prove: (1) that defendants had a bad faith intent to profit from using the Defendant Domain Name marks, and (2) that the marks are identical or confusingly similar to, or dilutive of, a distinctive mark owned by plaintiff.[1] 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001).

Plaintiff has established defendant John Doe's bad faith use of the Defendant Domain Names. In determining whether a defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;

---

[1] The second prong of this test is quickly disposed of, as the Defendant Domain Names at issue are identical to the domain names that were registered and used by plaintiff in commerce. (Compl. ¶ 11–17); *see* 15 U.S.C. § 1125(d)(1)(A)(ii)(I).

   (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

   (IV) the person's *bona fide* noncommercial or fair use of the mark in a site accessible under the domain name;

   (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

   (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

   (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

   (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks or others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

   (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c).

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69. Many of these factors weigh in favor of a finding of bad faith. Defendant John Doe does not enjoy any trademark rights in the Defendant Domain Names, and they do not reflect Doe's legal name or identity. (Compl. ¶¶ 8 n.1, 17, 25, 26). Defendant Doe has not used the Defendant Domain Names for any *bona fide* noncommercial or fair use and has instead used them to

7

redirect traffic away from plaintiff's business services and towards online auction sites without plaintiff's consent or authorization. (Compl. ¶¶ 28–32). Finally, defendant Doe has used privacy protection to prevent discovery of his personal information and the registrant account information for the Defendant Domain Names. (Compl. ¶¶ 8 n.1, 17). Because plaintiff has established a bad faith use of domain names identical to plaintiff's common law trademark rights in the Defendant Domain Names, the undersigned recommends a finding that plaintiff has established a violation of the ACPA as to the Defendant Domain Names. *See People for Ethical Treatment of Animals*, 263 F.3d at 367.

## Relief

In this *in rem* action, plaintiff seeks the transfer of the registration for the Defendant Domain Names and dismissal of the remaining claims without prejudice. (Docket no. 9). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Bains De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiff has established a violation of the ACPA through the unauthorized use of plaintiff's marks and exclusive ownership over the Defendant Domain Names, the undersigned recommends the entry of an order requiring the registry for the Defendant Domain Names to change the registrar of record for the Defendant Domain Names to plaintiff's designated registrar and a dismissal of plaintiff's remaining claims without prejudice.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Xia Zhang and against 0927.COM, 0942.COM, 7886.COM, and 8831.COM, pursuant to Count II of the Complaint alleging a violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)). The undersigned recommends that it be ordered that VeriSign, Inc., the registry for the Defendant Domain Names, change the registrar of record for domain names 0927.COM, 0942.COM, 7886.COM, and 8831.COM to GoDaddy.com LLC, plaintiff's choice of registrar, and that GoDaddy.com LLC register the domain names in plaintiff's account, identified by Customer Number 459978410 and email address zxdomains@163.com. The undersigned further recommends that plaintiff's remaining claim be dismissed without prejudice.

## Notice

The parties are notified that objections to this proposed finding of fact and recommendations must be filed within fourteen days of service of this proposed finding of fact and recommendations. The failure to file timely objections waives appellate review of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed finding of fact and recommendations. Plaintiff's counsel shall send a copy of this proposed findings of fact and recommendations to the Domain Name Defendant 0927.COM at email address 0927.com@domainsbyproxy.com; and to the registrar for Domain Name Defendants 0942.COM and 7886.COM at email address abuse@godaddy.com; and to the registrar for Domain Name Defendant 8831.COM at email address DomainAbuse@service.aliyun.com; and to the registry VeriSign, Inc. Plaintiff's counsel shall file a notice indicating the date on which the required notice was given and the fourteen-day

period for serving objections will be calculated from the date plaintiff's counsel certifies the notice was sent.

    ENTERED this 25th day of February, 2022.

                                                                                      /s/  
                                                         John F. Anderson  
                                                         United States Magistrate Judge  
                                                         John F. Anderson  
                                                         United States Magistrate Judge

Alexandria, Virginia